IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MARY LOU WENDELL )<br>)<br>    Plaintiff )<br>)<br>V. )<br>)<br>CYNTHIA RUMERY-TAYLOR, )<br>PORTLAND (MAINE) POLICE )<br>DEPARTMENT and CITY OF PORTLAND, )<br>MAINE )<br>)<br>    Defendants ) | COMPLAINT<br>(JURY TRIAL DEMAND) |

Plaintiff Mary Lou Wendell, by and through her undersigned attorneys, hereby files suit against the above-captioned Defendants, and in support thereof, states as follows.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action against the Defendants pursuant to 42 U.S.C. §1983 as well as 28 U.S.C. § 1331.

2. Venue is properly vested in this Court because Plaintiff and the Defendants are residents of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Cumberland County, Maine).

## PARTIES

3. Plaintiff Mary Lou Wendell is an individual and a resident of the City of Portland, State of Maine.

4. Upon information and belief, Defendant Officer Cynthia Rumery-Taylor is and was at times relevant an officer employed by the Portland, Maine Police Department. Defendant Rumery-Taylor is sued here individually and in her capacity as an officer of the Portland, Maine Police Department.

5. Defendant Portland, Maine Police Department is a police department in the State of Maine, duly organized as such under the laws of the State. At all relevant times hereto, the said Defendant Portland, Maine Police Department acted by and through its agents, servants and/or employees. It is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the Portland, Maine Police Department, through its various agencies, agents, departments, representatives, officials, and/or employees.

6. Defendant City of Portland, Maine is a city situated in the State of Maine, organized as such under the laws of the State. At all relevant times hereto, the said City of Portland, Maine acted by and through its agents, servants and/or employees. It is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the Portland, Maine Police Department through its various agencies, agents, departments, representatives, officials, and/or employees.

## FACTUAL BACKGROUND

7. Plaintiff incorporates by reference all of the above paragraphs as if set forth fully herein.

8. On October 10, 2014, Plaintiff Wendell was at her home at 146 Ledgewood Street, Peak's Island, in Portland, Maine with a friend, Donald Shall, and her three minor children watching a movie.

9. As of that date and time, Plaintiff Wendell was separated from her husband, Arn Pearson, with whom she was then engaged in a long-continuing and acrimonious divorce.

10. At approximately 8:45 p.m. on October 10, 2014, Mr. Pearson traveled to the Peak's Island Landing and there complained to Officer Rumery-Taylor that Plaintiff Wendell had come upon his separate property and committed the crime of criminal trespass earlier in the day.

11. At approximately 9:00 p.m. on October 10, 2014, Mr. Pearson continued to 146 Ledgewood Street and placed some medication for one of the parties' minor children in the mailbox at that residence.

12. All was quiet and peaceful at 146 Ledgewood Street.

13. At approximately 10:15 p.m. on October 10, 2014, Mr. Pearson asked that Defendant Rumery-Taylor escort him to 146 Ledgewood Street to check on the condition of the parties' minor child Benjamin.

14. At approximately 10:59 p.m. on October 10, 2014, Mr. Pearson and Defendant Rumery-Taylor arrived at 146 Ledgewood Street and commenced walking around the property peering into windows.

15. Again, all was quiet and peaceful at 146 Ledgewood Street.

16. Plaintiff Wendell and Mr. Shall noticed Mr. Pearson and Defendant Rumery-Taylor and confronted them, asking what their business was at the premises in the middle of the night.

17. Defendant Rumery-Taylor stated that she was on the property for the purpose of conducting a "well child" check on the parties' minor child Ben. Plaintiff allowed Defendant Rumery-Taylor to do this and produced Ben for her. At that point, Defendant Rumery-Taylor began accusing Plaintiff Wendell of committing criminal trespass. Plaintiff Wendell attempted to return to the inside of the home where the children were becoming visibly upset but her passage was blocked by Defendant Rumery-Taylor.

18. Defendant Rumery-Taylor asked Mr. Pearson if he wished to press charges and Mr. Pearson responded in the affirmative.

19. Mr. Pearson, himself an attorney familiar with proper criminal processes, instructed Defendant Rumery-Taylor to simply summons Plaintiff Wendell and not to arrest her.

20. Ignoring the instruction received from Mr. Pearson, Defendant Rumery-Taylor immediately handcuffed Plaintiff Wendell and placed her under arrest.

21. In the course of handcuffing and arresting Plaintiff Wendell, Defendant Rumery-Taylor exercised excessive force upon her, assaulted and injured her.

22. All of the foregoing was witnessed by Plaintiff Wendell's minor children, who were traumatized and greatly emotionally distressed.

23. Plaintiff Wendell was transported by fire boat and police car to the Portland Police lock-up, wearing only pajamas, a sweatshirt and one clog.

24. According to Defendant Rumery-Taylor's report, Plaintiff Wendell was in custody as of 23:16:31, sixteen minutes after the arrival of Defendant Rumery-Taylor and Mr. Pearson upon the Ledgewood Street property.

25. Although Plaintiff Wendell attempted to retreat from the confrontation with Defendant Rumery-Taylor, at no time did Plaintiff Wendell physically resist arrest by striking

Defendant Rumery-Taylor nor make any directed physical contact to Defendant Rumery-Taylor.

26. The conduct of Defendant Rumery-Taylor, as set forth above and herein, violated Plaintiff Wendell's constitutional rights as guaranteed by the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

27. At all times relevant hereto, Defendant Rumery-Taylor acted under the color and guise of state and local laws.

28. The conduct of Defendant Rumery-Taylor, as set forth above and herein, acting under the color and guise of state and local law, was recklessly and deliberately indifferent to the safety, bodily integrity and well-being of Plaintiff Wendell and was so egregious as to shock the conscience.

29. Alternatively, Defendant Rumery-Taylor acted with malice towards Plaintiff Wendell or, alternatively, the actions of Defendant Rumery-Taylor were of such an egregious and outrageous character and nature that malice can be inferred therefrom or malice is implied therein.

## COUNT I
### DETAINER/SEIZURE WITHOUT LEGAL CAUSE, FALSE ARREST, USE OF UNREASONABLE, MALICIOUS AND/OR EXCESSIVE FORCE

### 42 U.S.C. SECTION 1983

30. Plaintiff Wendell incorporates by reference all of the above paragraphs as if set forth fully herein.

31. On October 10, 2014, the Defendant Rumery-Taylor committed an unlawful detainer/seizure of Plaintiff Wendell and a false arrest, and used unreasonable, malicious

and/or excessive force upon her, in violation of law and Plaintiff Wendell's civil rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant Rumery-Taylor for compensatory damages as are reasonable in the premises and for punitive damages, and for such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT II
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS

32. Plaintiff Wendell incorporates by reference all of the above paragraphs as if set forth fully herein.

33. Plaintiff Wendell had fundamental and well-established rights to be free from unlawful detainer/seizure, false arrest and unreasonable/malicious and/or excessive force by Defendant Rumery-Taylors.

34. The unlawful detaining/seizure and arrest of Plaintiff Wendell, as well as the infliction of unreasonable/malicious and excessive force upon her, violated Plaintiff Wendell's substantive rights guaranteed by the United State Constitution.

35. The violations of Plaintiff Wendell's substantive constitutional rights, and her resulting injuries, were caused, at least in part, by Defendant's Portland's and Portland Police Department's failure(s) to properly supervise, educate, instruct, train and/or control their personnel in general, as well as in the following specific respects: (a) Failing to adequately supervise, instruct, train, and educate their officers in regard to appropriate detainer/seizure and arrest; (b) Failing to adequately supervise, instruct, train, and educate their officers respecting force continuums, and ensure that force

6

continuums were properly implemented, enforced and followed, so as to expose members of the public, including Plaintiff Wendell, to the least possible level of force, including no force whatsoever and (c) Failing to adequately supervise, instruct, train, and educate their officers respecting the avoidance of excessive force, generally.

36. The above-referenced failures of Defendants Portland and the Portland Police Department directly and proximately led to the damages sustained by Plaintiff Wendell.

**WHEREFORE**, Plaintiff demands judgment against Defendants Portland and the Portland Police Department for compensatory damages as are reasonable in the premises and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

DATED at Lewiston, Maine this 9th day of October, 2015.

/s/Judy Potter, Esq.
Judy Potter, Esq.
356 Spurwink Avenue
Cape Elizabeth, Maine 04107
Tel. 207-799-5453
Judy356@msn.com

David J. Van Dyke, Esq.
Lynch & Van Dyke P.A.
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com

*Attorneys for Plaintiff Mary Lou Wendell*