UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY LOU WENDELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CYNTHIA RUMERY-TAYLOR, et al | ) | |
| | ) | |
| Defendants | ) | |

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint calls for a legal conclusion to which an answer is not required.

2. Paragraph 2 of the Complaint calls for a legal conclusion to which an answer is not required, and therefore deny same.

## PARTIES

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore deny same.

4. Defendants admit that Cynthia Rumery-Taylor was employed by the Portland Police Department. The remainder of Paragraph 4 states a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied

5. Defendants admit the allegations contained in the first sentence of Paragraph 5 of the Complaint. The remainder of Paragraph 5 states a legal conclusion that does not require a response. To the extent a response is required, the allegations are denied.

6. Defendants admit the allegations contained in the first sentence of Paragraph 6 of the Complaint. The remainder of Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

7. Defendants repeat and replead their responses contained in paragraphs 1 through 6 as if fully stated herein.

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore deny same.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny same.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny same.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny same.

13. Defendants admit that Mr. Pearson asked Ms. Rumery-Taylor to accompany him to the residence, but deny the remainder of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny same.

16. Defendants admit that Plaintiff and Mr. Shall exited the residence and became confrontational with Officer Rumery-Taylor and Mr. Pearson, but deny the remainder of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint. The Report speaks for itself.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## COUNT I

## DETAINER/SEIZURE WITHOUT LEGAL CAUSE, FALSE ARREST, USE OF UNREASONABLE, MALICIOUS AND/OR EXCESSIVE FORCE

## 42 U.S.C. SECTION 1983

30. Defendants repeat and replead their responses to Paragraphs 1 through 29 as if fully stated herein.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor, plus their costs of suit.

## COUNT II

### FAILURE TO TRAIN AND SUPERVISE PERSONNEL
### VIOLATION OF CIVIL RIGHTS

32. Defendants repeat and replead their responses to Paragraphs 1 through 31 as if fully stated herein.

33. The allegations contained in Paragraph 33 of the Complaint call for a legal conclusion to which and answer is not required, and therefore deny same.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor, plus their costs of suit.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Amended Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate her own damages.

4

5. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7. Any action taken by Defendant Rumery-Taylor was based upon probable cause to arrest and her right to use a reasonable amount of force to overcome Plaintiff's resistance to being taken into custody.

8. Named Defendant Portland (Maine) Police Department is not a legal entity with the capacity to sue or be sued and therefore is not a proper party in this action.

9. Defendant City of Portland, Maine has no liability for damages because the conduct of any of its employees did not violate clearly established law and therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

10. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort, which tort liability is barred by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

11. No clearly established rights of Plaintiff were violated by Defendants' actions.

12. The amount of force used by Defendant Rumery-Taylor was objectively reasonable in light of the facts and circumstances surrounding the incident, including specifically Plaintiff's resistance to being taken into custody and the attack by Plaintiff's children against Defendant Rumery-Tayor, at Plaintiff's direction..

13. The amount of force used, if any, by Defendant Rumery-Taylor was only that amount which she subjectively believed was reasonable and necessary under the circumstances.

14. Plaintiffs' claims are barred by the doctrine of estoppel and/or preclusion.

15. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom, or any failure to train or supervise its employees/police officers.

17. Defendants affirmatively defend by stating that no supervisory liability claim can lie in the absence of a violation of Plaintiff's rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violation but failed to do so.

DATED at Portland, Maine this 9th day of November, 2015.

/s/*Edward R. Benjamin, Jr.*
/s/*Kasia S. Park*_____
Edward R. Benjamin, Jr.
Kasia S. Park
Attorneys for Defendants
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed Defendants' Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filings(s) to the following:  Judy Potter, Esquire and David J. Van Dyke, Esquire.

                                            */s/Edward R. Benjamin, Jr*
                                            Edward R. Benjamin, Jr.
                                            Attorney for Defendants
                                            Drummond Woodsum
                                            84 Marginal Way, Suite 600
                                            Portland, ME  04101
                                            (207) 772-1941